**In re Dianne Mannion WEPSIC, Debtor.**

**Dianne Mannion Wepsic, Plaintiff,**

**v.**

**Jackie Josephson, Defendant.**

**Bankruptcy No. 97–15509–H13. Adversary No. 98–90181–H13.**

United States Bankruptcy Court, S.D. California, San Diego Division.

Aug. 26, 1999.

Deborah L. Raymond, Solana Beach, CA, for debtor/plaintiff.

Matthew H. Powell, San Diego, CA, for defendant.

## AMENDED MEMORANDUM DECISION

JOHN H. HARGROVE, Bankruptcy Judge.

At issue is debtor Diane Mannion Wepsic's ("Wepsic") request for her costs and attorney fees pursuant to 15 U.S.C. § 1640(a).

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

### FACTS

The facts set forth in this Court's September 1, 1998, Memorandum Decision are incorporated herein. This Court granted partial summary judgment in favor of Wepsic and found that creditor Jackie Josephson ("Josephson") violated the Truth in Lending Act ("TILA"). As the prevailing party, Wepsic is entitled to her costs and reasonable attorney fees as determined by this Court. Wepsic seeks costs

in the amount of $217.27 and attorney fees in the amount of $51,473.02.

On March 23, 1999, this Court held a hearing and took the matter under submission.

## DISCUSSION

■ 15 U.S.C. § 1640(a)(3) provides that in a case of a successful action to enforce a right of rescission, the plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." This Court must base its calculation of a reasonable attorney's fee in a TILA case on factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Semar v. Platte Valley Fed.Sav. & Loan Assoc.*, 791 F.2d 699 706 (9th Cir. 1986) (citation omitted); *Martinez v. Idaho First Nat'l Bank*, 755 F.2d 1376, 1378 (9th Cir.1985) ("The failure to follow these guidelines constitutes an abuse of discretion").

The factors set forth in *Johnson* are the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

Wepsic's attorneys billed a combined 263.10 hours on this case. Deborah Raymond ("Raymond") billed 87 hours at $195.00 per hour for a total of $16,916.25. Louis G. Bruno ("Bruno") billed a total of 176.10 hours at $195.00 per hour for a total of $34,339.50.

■ "The starting point for an award of attorneys' fees is to multiply the number of hours reasonably spent on the case by a reasonable hourly rate." *In re Auto Parts Club, Inc.*, 224 B.R. 445 (Bankr. S.D.Cal.1998) (citations omitted). The Court finds that the $195.00 rate charged by Wepsic's attorneys is indicative of the prevailing market rate in the community and is therefore reasonable. The Court finds, however, that the number of hours billed were duplicative, excessive and unnecessary.

■ A review of the record in this case, as well as the attorney time sheets and the supporting pleadings, leads the Court to conclude that this was a relatively straightforward TILA case including issues on the finance charge, the APR, the number of payments, and the faulty notice of rescission. With the exception of the latter, the other issues revolve around simple calculations, some of which are routinely performed by a computer program. Thus, it does not appear to the Court that two attorneys were needed to litigate this case. To the extent the fees of Wepsic's attorneys were duplicative, the Court will award only one fee. The Court also declines to award attorney's fees for the time Wepsic's attorneys spent conferring with each other, or reviewing each other's work. *See Daggett v. Kimmelman*, 811 F.2d 793 (3rd Cir.1987).

■ Mr. Bruno was associated into this case because of his "expertise" in the TILA area. However, the Court concludes that an excessive amount of time was spent researching and drafting the pleadings in this matter. Compensation for significant amounts of time which are billed for general education is generally not reasonable. *In re Maruko*, 160 B.R. 633 (Bankr.S.D.Cal.1993).

In addition, both attorneys billed for matters unrelated to the TILA violations. Both attorneys also charged their regular hourly rates for attending relief from stay matters, the continued confirmation hearing, and the refinancing of Wepsic's property. These fees are contrary to the United States Trustee Guidelines in Chapter 13

cases which allow a flat rate of $325.00 for opposition to relief from stay, $250.00 for stipulated orders re refinancing of real property, and $75.00 for appearances at post-confirmation hearings, and the attorneys have failed to demonstrate why either should receive in excess of the presumptive or Guideline fee.

The Court finds the fees excessive given that this case ended with the summary judgment motion. There were a total of seven hearings in this case, with only two being substantive (*i.e.*, argument for the motion on summary judgment and argument for attorney fees). The Court also finds the amount of time involved is disproportionate to the results obtained. The Court's reasoning for disallowing some of the fees is set forth below:

A. *Duplicative Time Entries:*

The Court finds the following entries duplicative and not requiring the work of two attorneys.

■ 1. *Court Appearances:* Both Raymond and Bruno appeared at the 6/12/98; 7/22/98; and 10/28/98 court hearings. Raymond billed 3.3 hours; 1.5 hours and 1.0 hours respectively for a total of 5.8 hours at $195.00 per hour ($1,131.00). In addition to billing for her appearances, Raymond billed 1.4 hours on 7/21/98 preparing for oral argument (presumably for the hearing on July 22, 1998). All Raymond's time is disallowed. Bruno also billed 2.75 hours on 6/12/98 for his appearance and meeting with counsel after the appearance. Because the entry is lumped,[1] the Court deducts one hour from Bruno's time. The amount of $1,599.00 (8.2 hours × $195.00) is disallowed.

2. *Counsel Conferences:* Bruno billed 3.75 hours on 6/3/98; 3.5 hours on 6/18/98; and 3.92 hours on 8/13/98 for a total of 11.17 hours at $195.00 per hour ($2,178.15). These conferences with co-counsel Raymond are duplicative and the amount of $2,178.15 is disallowed.

3. *Research and Drafting:* Raymond billed 1.2 hours on 6/18/98; 1.1 hours on 6/22/98[2]; .3 hours on 6/26; 3.3 hours on 7/1/98; 2.5 hours on 7/2/98; 2.8 hours on 7/17/98; 2.5 hours on 7/19/98; 2.3 hours on 7/20/98; and 2.0 hours on 8/13/98 for a total of 18.0 hours at $195.00 per hour ($3,510.00). Raymond spent much of this time either duplicating the research efforts of Bruno or redrafting his work. The amount of $3,510.00 is disallowed.

B. *Excessive Time Entries.*

■ 1. *Complaint:* The time for drafting the complaint in this matter is excessive. Bruno billed 2.5 hours on 4/2/98; 1.0 hours on 4/3/98; 3.5 hours on 4/4/98 and on that same date billed 3.0 hours for "value added fee for prior work" for a total of ten hours. In addition, Raymond billed 1.4 hours on 4/7/98 and 4.0 hours on 4/9/98 for a total of 5.4 hours. In total, 15.4 hours at $195.00 an hour ($3,003.00) was billed for drafting the complaint. As noted above, the issues in this matter were relatively straightforward. Moreover, the Court fails to comprehend how value added fees for prior work on other cases were necessary for the drafting of a complaint in this case. The Court finds that two hours for drafting the complaint in this matter is reasonable. The amount of $2,613.00 is disallowed.

■ 2. *Drafting of Stipulated Facts:* Bruno billed 6.5 hours on 6/19/98; 1.5 hours on 6/23/98; 4.5 hours on 6/24/98; and 2.5 hours on 6/25/98 for a total of 15 hours at $195.00 ($2,925.00) for drafting the stipulated facts in this case. The Court finds this amount excessive given

---

1. A number of the time entries of both Raymond and Bruno were lumped. Therefore, it was impossible for the Court to determine in most cases how much time was legitimately spent on each task. In many instances, the Court disallows the entire amount that is lumped.

2. The Court allows .2 on this date for another task.

the simplicity of the case. The Court finds that two hours for drafting the stipulated facts in this matter is reasonable. The amount of $2,535.00 is disallowed.

■ 3. *Research and Drafting Supplemental Brief:* Bruno billed 1.0 hours on 7/23/98 and 1.0 hours on 7/27/98 to research two cases specifically cited by this Court and to be addressed in the supplemental brief. In addition, Bruno billed 4.33 hours on 7/24/98 for research; 7.0 hours on 7/29/98; 4.0 hours on 7/30/98; and 1.0 hours on 8/11/98. Raymond billed 4.4 hours on 7/30/98 and .4 hours on 8/4/98. A total of 23.13 hours at $195.00 an hour ($4,510.35) was billed for the supplemental brief. The Court finds this amount excessive given the Court's directive to brief the applicability of two cases to the instant matter. Raymond's work appears duplicative as well. The Court finds that five hours for research and drafting the supplemental brief is reasonable. The amount of $3,535.35 is disallowed.

■ 4. *Drafting of Summary Judgment Motion:* Bruno billed 2.5 hours on 6/8/98; 4.0 hours on 6/13/98; 4.5 hours on 6/15/98; 1.5 hours on 6/16/98; and 2.5 hours on 6/17/98 for a total of 15 hours at $195.00 per hour ($2,925.00). The Court finds this amount excessive given the simplicity of the issues and in light of the fact that Jackie Josephson had adequately framed the issues in her prior filed motion for summary judgment. The Court finds that eight hours for drafting the summary judgment motion is reasonable. The amount of $1,365.00 is disallowed.

■ 5. *Drafting Order Shortening Time.* Raymond billed 1.2 hours on 6/24/98 at $195.00 per hour ($234.00) for drafting an order shortening time. The Court finds the amount billed excessive. The Court finds that .3 hours is reasonable. The amount of $175.50 is disallowed.

■ 6. *Research on Separate Statement of Undisputed Facts.* Bruno billed 1.33 hours on 6/24/98 for researching whether a separate statement of undisput-

ed facts applied in federal procedure. The Court finds this amount excessive and unnecessary. The amount of $259.35 is disallowed.

■ 7. *Preparing and Filing Certificate of Compliance:* Raymond billed .7 hours on 6/5/98 for preparing a two page certificate of compliance (and evidently filing it with the Court). The Court finds this amount excessive and unnecessary. The Court finds .3 hours reasonable. The amount of $78.00 is disallowed.

■ 8. *Research and Drafting of Rescission Notice.* Bruno billed 8.0 hours on 3/18/98 plus 3.0 hours for value added. Raymond billed .9 hours on 3/19/98 and 3.7 hours on 3/22/98. Raymond billed another 1.2 hours on 3/23/98 for drafting the points and authorities regarding the same. The Court finds that a total of 16.8 hours at $195.00 per hour ($3,276.00) for this task excessive. As Josephson's attorney pointed out, the precise contents of the notice of rescission are defined in the Truth in Lending laws. The Court finds that three hours is a reasonable time. The amount of $2,691.00 is disallowed.

C. *Unrelated Time Entries.*

■ Both Bruno and Raymond have billed for drafting, researching, and making appearances regarding Josephson's motion for relief from stay. The Court finds that Josephson's motion for relief from stay is unrelated to the TILA. Josephson moved for relief from stay because Wepsic was not making payments under the plan. Moreover, there was billing for matters related to the confirmation hearing and refinancing. Besides being unrelated, both Raymond and Bruno billed at their hourly rates for these matters which is contrary to the United States Trustee Guidelines for chapter 13 cases. The total time billed for these matters is disallowed.

1. *Relief From Stay:* Raymond billed .3 hours on 4/3/98; .2 hours on 4/6/98; .3

hours on 4/8/98; .1 hours on 5/6/98; .5 hours on 5/13/98; 1.0 hours on 5/19/98; .8 hours on 6/1/98; 4.0 hours on 11/23/98; 4.7 hours on 11/28/98; 2.2 hours on 11/29/98; .6 hours on 11/30/98 and 1.5 hours on 12/15/98 for a total of 16.2 hours at $195.00 per hour ($3,159.00). Bruno billed 3 hours on 11/27/98; 1.5 hours on 11/30/98; 1.5 hours on 12/14/98; and 2.33 hours on 12/15/98 for a total of 8.33 hours at $195 per hour ($1,624.35). The amount of $4,783.35 is disallowed.

2. *Work on Refinance.* Bruno billed 3.5 hours on 12/18/98 for drafting and filing an order to facilitate a refinance of Wepsic's house. This work is unrelated to the TILA violations and the amount billed is in contravention of the United States Trustee Guidelines. The amount of $682.50 is disallowed.

3. *Confirmation Hearing.* Raymond billed .7 hours on 4/1/98 for attending the continued confirmation hearing in Wepsic's underlying chapter 13 case. In addition, Bruno billed 3.0 hours on 3/31/98 for preparation and 6.0 hours on 4/1/98 for his appearance at the continued confirmation hearing. The Court notes that a confirmation hearing in a chapter 13 case lasts no more than a few minutes. Therefore, Bruno's time also appears excessive. Moreover, the Court finds these billings unrelated to the TILA and in excess of the United States Trustee Guidelines. The amount of $1,891.50 is disallowed.

D. *Secretarial and Travel Entries:*

■ 1. *Travel Entries:* Raymond billed 1.0 hour for travel time for her initial meeting with Bruno on 3/18/98. Although the Court allowed the time billed for the initial meeting, the Court disallows Raymond's travel time in the amount of $195.00. In addition, Bruno billed 1.5 hours on 7/1/98 for travel time spent delivering documents to counsel. The amount of $292.50 is disallowed.

■ 2. *Secretarial:* Raymond billed .5 hours on 4/10/98 for preparation of the service of the complaint. Even though she billed for this task at one-half of her hourly rate, the Court finds that the task is secretarial in nature and therefore part of her general overhead. The amount of $48.75 is disallowed.

E. *The Amount Involved and the Results Achieved.*

■ " '[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " *Carroll v. Wolpoff & Abramson,* 53 F.3d 626, 630 (4th Cir.1995) (citations omitted). Wepsic's attorneys were not totally successful in enforcing her right to rescission. It is apparent that Wepsic's sole purpose behind the filing of this adversary proceeding was to use the rescission remedy to wipe out Josephson's secured claim in her chapter 13 bankruptcy despite the fact that Wepsic had the inability to fulfill her part of the rescission remedy. The Court rejected this all or nothing approach as set forth in its September 1998 opinion and conditioned Wepsic's right to rescind on her ability to return the appropriate portion of the loan proceeds to Josephson. Seven months have elapsed since this Court issued its Memorandum Decision and Wepsic still has not consummated the refinancing of her home. Thus, Wepsic still can not exercise her rescission remedy.

The Court questions what benefit Wepsic has received for over $51,000 in fees. At most, Wepsic is entitled to recover the finance charge and other charges. As far as this Court is aware, Josephson held six months of interest only payments in escrow. The interest only payments were around $892.00 per month. Wepsic made no other payments on the loan prior to bankruptcy. Although Wepsic has made some post-petition payments, she is more than $9,600.00 behind in her plan payments. In addition, the "other charges" that Wepsic may be entitled to equal approximately $6,200.00.

In addition to recovering a sum which is substantially lower than the fees in this case, Debtor continues to incur attorney fees and other costs associated with her refinance of her property during this bankruptcy. In sum, the Court finds that even after disallowing a significant portion of the fees as set forth above, the amount involved still greatly outweighs the results obtained. The fees are further reduced by 50%.

## CONCLUSION

In sum, the Court finds that Wepsic is entitled to costs in the sum of $217.27 and attorney fees in the amount of $11,520.04 ($51,473.02–$28,432.95 (disallowed fees) = $23,040.07 ÷ 2 (cost-benefit reduction)). This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. Josephson is directed to file with this Court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.